# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN MCCULLOUGH, | ) | |
| | ) | Civil Action No. 19 – 115 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

## MEMORANDUM OPINION[1]

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Kathleen McCullough ("Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 9.) For the reasons set forth herein, the Petition will be dismissed as untimely.

### A. Procedural History

Following a jury trial, Petitioner was convicted of two counts of theft by deception, one count of unlawful use of computers and one count of computer trespass. (ECF Nos. 4-1, 4-2.) On August 27, 2010, Petitioner was sentenced to two to four years imprisonment (RRRI eligible) and ten years of probation. Id. Her post-sentence motions were denied on November 15, 2010.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 11 & 12.

1

Id. On November 19, 2010, she filed an appeal to the Pennsylvania Superior Court, and her judgment of sentence was affirmed on March 9, 2012. (ECF No. 4-3, pp.1-5.) Petitioner then filed a Petition for Allowance of Appeal ("PAA"), which the Pennsylvania Supreme Court denied on August 1, 2012. (ECF No. 4-3, p.6.) She did not seek further review with the United States Supreme Court.

On April 1, 2013, Petitioner filed a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), and she filed a supplemental petition on March 2, 2015. (ECF Nos. 4-1, 4-2.) A PCRA hearing was held on October 16th, 23rd and 30th of 2015, and PCRA relief was denied on January 29, 2016. (ECF No. 1-4.) Petitioner appealed (ECF No. 4-3, pp.9-14), and the Superior Court affirmed the dismissal of PCRA relief on June 30, 2017. (ECF Nos. 1-3; 4-3, pp. 15-19.) The PAA was denied on February 6, 2018. (ECF Nos. 1-2; 4-3, pp.20-22.)

Petitioner filed her Petition in this case on February 4, 2019. (ECF No. 1.) On March 13, 2019, Respondents filed a Motion to Dismiss it as time-barred (ECF No. 4), and Petitioner filed a response in opposition to that Motion on March 26, 2019. (ECF No. 7.) She also filed a Motion for Summary Judgment and Brief in Support thereof on May 29, 2019. (ECF Nos. 8, 9.)

B. **Statute of Limitations**

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

2

> > United States is removed, if the applicant was prevented from filing by such State action;
>
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any equitable tolling should be applied on the facts presented or whether the petitioner has satisfied the fundamental miscarriage of justice exception to excuse the untimely filing of his/her petition.

Here, the "trigger date" for all of Petitioner's claims appears to be the date that her judgment of sentence became final by the conclusion of direct review.[2] In this case, Petitioner was sentenced on August 27, 2010, and her judgment of sentence was affirmed by the Pennsylvania Superior Court on March 9, 2012. The Pennsylvania Supreme Court then denied her PAA on August 1, 2012. Because Petitioner did not seek further review, her judgment of sentence became "final" 90 days later, or on October 30, 2012, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir.2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court). Accordingly, absent any tolling, Petitioner had one year from that date, or until October 30, 2013, to file a timely federal habeas petition in this Court. Because the Petition was not filed until February 4, 2019, the Court will next consider whether any portion of the one-year limitations period was tolled.

As to the second inquiry, the one-year limitations period was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings pursuant to section 2244(d)(2). Here, a total of 152 days elapsed between the time Petitioner's judgment of sentence

---

[2] The claims Petitioner raises do not involve newly enunciated constitutional rights, the facts supporting the claims are not newly discovered and no impediment existed that prevented Petitioner from filing a timely habeas petition. Specifically, her first claim challenges the search that took place on May 2, 2008 on the basis that it was illegal under the Fourth Amendment, and her second and third claims, while not presented in a clear and concise manner, appear to raise numerous allegations, including, *inter alia*, the denial of access to exculpatory evidence and the ineffectiveness of her attorneys in failing to obtain it; conflicts of interests by all of the attorneys, detectives and judges involved with her case at each level; violations of the rules of professional conduct and ethics by those same individuals; the ineffective assistance of counsel for failing to call witnesses; judicial bias and trial court error; denial of the right to call certain witnesses at her PCRA hearing; and prosecutorial misconduct.

became final on October 30, 2012, and the day she filed her *pro se* PCRA petition on April 1, 2013,[3] and that period of time is counted against the one-year statute of limitations. From April 1, 2013, until the day the Pennsylvania Supreme Court denied Petitioner's PAA on February 6, 2018, there were properly filed post-conviction proceedings pending in the state court. The statute of limitations was tolled during that time and recommenced running on February 7, 2018. At that time, however, Petitioner had only 213 days remaining (365-152=213), or until September 7, 2018, in which to file a timely petition in this Court. The Petition was not filed until February 4, 2019, and therefore it is untimely.

Having failed to meet AEDPA's one-year statute of limitations, the Petition can only be saved by application of the doctrine of equitable tolling or the fundamental miscarriage of justice exception. Petitioner, however, does not seem to acknowledge that her Petition was untimely filed[4] and therefore does not allege any facts to support entitlement to any equitable tolling or to demonstrate a fundamental miscarriage of justice. Thus, the Petition must be dismissed as untimely.

### C. Certificate of Appealability

A certificate of appealability will be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that his habeas petition was untimely filed. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address

---

[3] The date on which the PCRA is filed is not counted against the statute of limitations as it is considered "pending" on that day.

[4] Petitioner incorrectly states that she had one year from the day the Pennsylvania Supreme Court denied her PAA in her PCRA proceedings to file a timely petition in this Court.

petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). A separate Order will issue.

Dated: February 11, 2020.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN MCCULLOUGH, | ) |
| | ) Civil Action No. 19 – 115 |
| Petitioner, | ) |
| | ) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) ) |
| | ) |
| Respondents. | ) ) |

## ORDER

**AND NOW**, this 11th day of February, 2020;

**IT IS HEREBY ORDERED** that the Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 4) is **GRANTED** and the petition is dismissed as untimely.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Summary Judgment (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Respondents and mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Kathleen McCullough
107 Fairway Landings Drive
Canonsburg, PA 15317

Counsel of record
(Via CM/ECF electronic mail)